214 P.2d 472

RUSSELL v. BOISE CITY et al.

No. 7598.

Supreme Court of Idaho.

Jan. 31, 1950.

E. G. Elliott, Boise, Charles F. Reddoch, Boise, for appellant.

C. Stanley Skiles, Boise, for respondents.

HOLDEN, Chief Justice.

This proceeding was commenced April 19, 1949, under the Uniform Declaratory Judgment Act, chap. 70, p. 113, 1933 Session Laws, sec. 10-1201 I.C., in the District Court of Ada County by W. W. Russell, for a declaratory judgment adjudging "that the lateral sewage improvements required to be installed in Local Improvement District No. 124 [in Boise City] be declared to be a part of 'an appropriate sewerage system' as provided by Ordinance No. 1957", and that it be further adjudged the money authorized by the municipal bond issue of Boise city "in the sum of $1,555,000.00 covered and included an appropriate sewerage system for said City as well as a sewage disposal plant and that said City is without right or authority to impose upon the plaintiff's property" "any local improvement assessments for lateral sewage improvements".

May 3, 1949, respondents demurred on the ground the complaint failed to state facts sufficient to constitute a cause of action. June 14, 1949, the demurrer was

sustained. September 13, 1949, judgment of dismissal of the proceeding was accordingly rendered and entered from which plaintiff Russell prosecuted an appeal to this court.

The record shows a special election was called and held in Boise November 18, 1947, at which was submitted to the electors the proposition of issuing the bonds of said city to the amount of $1,155,000 "for the purpose of constructing sewage disposal facilities in and for said city." The record further shows notice of said special election stated, among other things, the bonds were to be issued "for the purpose of constructing adequate sanitary sewage treatment and disposal facilities in and for Boise City, *consisting of a complete sewage disposal plant,* together with all necessary appurtenances, connections, machinery and equipment used or useful in connection with the public convenience thereof, including all lands, easements, rights of way and buildings required thereof, and including an appropriate sewerage system."

It further appears the ballot used at such special election also stated the bonds were to be authorized: " * * * for the purpose of constructing adequate sewage treatment and disposal facilities in and for the City of Boise City, *consisting of a complete sewage disposal plant,* together with all necessary appurtenances, connections, machinery, sewerage system, and equipment used or useful in connection with the public convenience thereof, including all lands, easements, rights of way and buildings required therefor. * * * " (Emphasis added.)

The record shows the city by appropriate proceedings, also created an improvement district, "Local Improvement District No. 124"; that said district was "created for the purpose of providing a sewer system in a portion of Boise City, and for the purpose of laying, constructing and installing a sewer system within that portion of Boise City" described in the resolution creating the improvement district.

Appellant's primary contention is the clause appearing in the notice of special bond election: "and including an appropriate sewerage system," when properly interpreted, is sufficiently broad to include the cost of the construction of the sewer system provided for by the creation of Local Improvement District No. 124, and, therefore, that his property "should not be assessed."

The notice of the special bond election when considered as a whole, as it should be, is clearly not subject to that interpretation. It (the notice) stated, among other things, that bonds were to be issued "for the purpose of constructing adequate sanitary sewage treatment and disposal facilities * * * consisting of a complete sewage disposal plant, together with all necessary appurtenances, connections, machinery and equipment used or useful in connection with the conveniences thereof, including all lands, easements, rights of

202

way and buildings required." The notice thus made it clear to the electors, as above pointed out, the bonds were to be issued for the purpose of constructing "a complete sewage disposal plant, together with all necessary appurtenances, connection and equipment." Furthermore, the city made it equally clear 'that Local Improvement District No. 124 was created, not "for the purpose of constructing a sewage disposal plant", it had already provided for that, but for an entirely different purpose, to-wit, "for the purpose of providing a sewer system in a portion of Boise City, and for the purpose of laying, constructing and installing a sewer system, within that portion of Boise City" described in the resolution creating the improvement district, also as above pointed out.

Moreover, it is clear the bonds did not cover, and were not intended to cover, both the construction of a "complete sewage disposal plant" and said sewer system, in that it was expressly provided by the resolution creating the local improvement district that the cost of the construction of the sewer system therein provided for, be assessed upon and levied against the property in the improvement district, according to benefits.

It follows the judgment must be affirmed and it is so ordered with costs to respondents.

GIVENS, PORTER, TAYLOR and KEETON, JJ., concur.